## In re EFFERSON'S ESTATE

No. 4526.   Decided September 2, 1927.   (259 P. 919.)

*N. J. Harris,* of Ogden, for appellants.

*A. G. Horn,* of Ogden, for the estate.

CHERRY, J.

John Efferson, a resident of Ogden, in Weber county, died June 24, 1925, leaving surviving him as his next of kin and only heirs at law two sons, John Terrill Efferson, aged eight years, and Harry Branch Efferson, aged six years. The mother of the two sons named had been the wife of the deceased, but before his death had been divorced from him. She also survived him. The deceased left a last will and testament by which all of his estate, consisting of real and personal property of the appraised value of $6,640.15, is devised and bequeathed to George Stewart "in trust, however, first, for the education of my two sons John Terrill Efferson and Henry Branch Efferson, and, secondly, when they arrive at the age of majority the balance of the property on hand, including bank accounts now in their names, shall be absolutely turned over and given to them; it being intended, however, that said property shall not be turned over to either of my said children until the youngest shall have attained the age of majority." The will contains alternative provisions for the disposition of the estate in case of the death of either or both the sons named, and continues:

"I further direct that the said trustee shall keep my estate invested so as to make the same produce a good and safe return, and that the income from my said estate shall only be used for the education of my children aforesaid, and that until they arrive at the age of majority only the income of said estate shall be used for their education, support and maintenance and then only in such

manner as said trustee in his own judgment shall determine. Having already made ample provision for the support of my children it is my intention that no court shall make any order requiring my executor or trustee to pay any part of estate for the support or education of said children and I direct said executor and said trustee to consult my attorney, A. G. Horn, of Ogden, Utah, upon all matters and as he is familiar with my wishes and desires, I desire that said executor and said trustee shall follow his advice and suggestions."

The will appoints George Stewart as executor and provides that as executor and trustee he shall give a bond to be fixed by the court, and empowers him to sell any portion of the estate, convert the same into money, and lend the proceeds out on real estate security. The will was duly proved and admitted to probate without objection, and thereafter, in due course, a petition for distribution in accordance with the will was filed by the executor, to which petition the two sons named, by Neutina Allison, their mother and guardian, filed objections upon the grounds, as stated in appellants' abstract:

"That said minors have no means of support, except $500 insurance, payable $40 per month; that the court should retain jurisdiction for the purpose of providing children with support and maintenance from said estate; and that the court has no jurisdiction to distribute said estate to George Stewart, trustee, or otherwise, except to said minors as sole heirs at law."

The court, notwithstanding the objections, made its order and decree distributing the estate in accordance with the will, from which decree and judgment the two minor sons, by their guardian, have appealed.

The errors assigned are that the decree is against law; that the trust created by the will is void for uncertainty, and the court had no authority to enforce the same; that the court erred in distributing the estate to the trustee without defining the terms of the trust with sufficient certainty to enable a court of equity to enforce the same. The only reason why it is claimed that

the trust created by the will is uncertain or indefinite is the provision in the will that the income from the trust property shall be used for the education, maintenance, and support of the children "only in such manner as said trustee in his own judgment shall determine." The contention that this power or discretion with which the trustee is invested invalidates the trust and makes it unenforceable for uncertainty is wholly without merit. The contrary was decided by this court (*In re Dewey's Estate*, 45 Utah 98, 143 P. 124, Ann. Cas. 1918A, 475) in a case involving a much larger discretion by a testamentary trustee. And the objection as to the validity and sufficiency of the decree is equally groundless. The will is not set out in full in the decree, but its substance and effect are therein stated, and references are made to it. The decree is complete and certain concerning all features of the will, except that the trustee is directed to invest the estate "according to the terms and conditions of the will," and "to use such part of the income from said estate for the care, support and education of said minor children but in no event shall he use any of the principal." As before stated, the will provides that the proceeds of sales be loaned out on real property security and that the income from the estate be used for the education, support, and maintenance of the children in such manner as said trustee in his own judgment shall determine. The Probate Code (Comp. Laws Utah 1917, §§ 7574, 7575) provides that a will, after being proved, shall be certified by the judge and filed and recorded by the clerk, and shall thereafter constitute a part of the record in the cause or proceeding, and (section 7870) that orders or decrees need not recite the existence of facts or the performance of acts upon which the jurisdiction of the court may depend, but it shall only be necessary that they contain the matters ordered or adjudged except as otherwise provided. The propriety of resorting to the will to explain and interpret the decree in the respects mentioned cannot be doubted, and when the will is considered in connection

with the decree there is no uncertainty. We are satisfied that the will clearly expresses and the decree faithfully executes the plain intention of the testator and that the trust created and defined can readily be enforced in equity should occasion require.

Judgment affirmed.

THURMAN, C. J., and GIDEON, STRAUP, and HANSEN, JJ., concur.